UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CITY OF GRAND RAPIDS,

    Plaintiff,

v

GRAND RAPIDS POLICE OFFICERS
ASSOCIATION, GRAND RAPIDS POLICE
COMMAND OFFICERS ASSOCIATION,
ADAM ICKES, THOMAS WARWICK, and
MATTHEW JANISKEE,

    Defendants.

Case No.: 1:17-cv-00113-PLM-RSK

Hon. Paul L. Maloney

---

John H. Gretzinger (P28979)
Scott E. Dwyer (P33131)
Kurt M. Graham (P57190)
MIKE MEYERS, PLC
900 Monroe Avenue, N.W.
Grand Rapids, MI  49503
(616) 632-8027

---

## MOTION TO INTERVENE

    DANIEL EMPSON, an interested person, by his attorneys, JOHNSON LAW, PLC, and pursuant to Federal Rule of Civil Procedure 24 (a)(2), hereby files this Motion to Intervene in the above-captioned matter. In support of his motion, Empson states as follows:

1. Daniel Empson ("Daniel") is the individual referred to in paragraph 36 of the Plaintiff, City of Grand Rapids', Complaint for Declaratory Relief, who was injured during an automobile collision on November 19, 2016.

2. Daniel has filed a civil action arising out of that collision in the Kent County Circuit Court, which is Case No. 17-00203-NI, pending before Judge Paul Sullivan.

3. In that action, Daniel has alleged that the defendant, Joshua Kuiper, was under the influence of alcohol at the time that the collision occurred.

4. As set forth in Plaintiff's Complaint in this Court, the telephone call recordings contain relevant and material evidence regarding whether Kuiper was visibly intoxicated during the investigation of the automobile collision by Grand Rapids Police.

5. Further, attached as Exhibit 1 to this Motion is a copy of Judge Sullivan's Order to preserve evidence, which includes a demand to preserve "audio recordings" of the investigating police officers.

6. Federal Rule of Civil Procedure 24 states "on timely motion, the court must permit anyone to intervene who: claims an interest relating to the property or transaction that is the subject of the action. . . "

7. Daniel hereby claims an interest in the disposition of the telephone recordings that are the subject of this action, in that his ability to present evidence of Kuiper's intoxication will be materially prejudiced if those recordings are destroyed.

8. Daniel also claims an interest regarding the disposition of the telephone recordings because failure to disclose those recordings to his attorneys will prejudice his ability to discover material facts regarding his case.

9. Failure to permit Daniel to intervene would impair Daniel's ability to assure that the telephone recordings are preserved consistent with Judge Sullivan's Order.

10. Failure to permit Daniel to intervene in this action would impair his ability to protect his interest in the telephone records, and no party to this action adequately represents that interest.

For these reasons, Daniel Empson asks that this Court grant his motion, permit him to intervene, and allow his attorneys to make their appearance and be heard regarding the declaratory judgment action.

Respectfully submitted,

**JOHNSON LAW, PLC**

February 6, 2017          By:      /s/ Brian A. Molde
                                                 VEN R. JOHNSON (P39219)
                                                 BRIAN A. MOLDE (P63790)
                                                 99 Monroe Avenue, N.W., Suite 975
                                                 Grand Rapids, Michigan  49503
                                                 (616) 235-9400
                                                 bmolde@venjohnsonlaw.com