UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CITY OF GRAND RAPIDS,

    Plaintiff,

v

GRAND RAPIDS POLICE OFFICERS
ASSOCIATION, GRAND RAPIDS POLICE
COMMAND OFFICERS ASSOCIATION,
ADAM ICKES, THOMAS WARWICK, and
MATTHEW JANISKEE,

    Defendants.
_____

Case No.: 1:17-cv-00113-PLM-RSK

Hon. Paul L. Maloney

John H. Gretzinger (P28979)
Scott E. Dwyer (P33131)
Kurt M. Graham (P57190)
MIKE MEYERS, PLC
900 Monroe Avenue, N.W.
Grand Rapids, MI  49503
(616) 632-8027

_____

### INTERVENOR'S ANSWER TO PLAINTIFF'S COMPLAINT

    DANIEL EMPSON, intervenor, hereby responds to Plaintiff's Complaint for Declaratory Relief and states as follows:

### JURISDICTION AND VENUE ALLEGATIONS

1. Admitted.

2. Admitted.

3. Admitted.

4. The allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations.

5. Admitted that Officer Ickes is a Grand Rapids Police officer. The remaining allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations.

6. Admitted that Sergeant Warwick is a Grand Rapids Police Sergeant. The remaining allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations.

7. The allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations.

8. Admitted that Lieutenant Janiskee is a Grand Rapids Police Lieutenant. The remaining allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations.

9. Admitted.

## GENERAL ALLEGATIONS

10. Admitted.

11. The allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations.

12. The allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations.

13. The allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations.

14. The allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations.

15. The allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations.

16. The allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations. However, Intervenor specifically states that he does not believe that the recordings or their disclosure would violate either the Federal Wiretapping Act or the Michigan Eavesdropping Act.

17. The allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations. However, Intervenor specifically states that he does not believe that the recordings or their disclosure would violate either the Federal Wiretapping Act or the Michigan Eavesdropping Act.

18. The allegations contained in this paragraph are neither admitted nor denied due to a lack of knowledge sufficient to form a belief about the truth of the allegations. However, Intervenor specifically states that the five referenced phone calls, along with the City's investigation materials, have been the subject of subpoenas issued to the Grand Rapids Police Department, the Kent County Prosecutor's Office, and the Kalamazoo County Prosecutor's Office. These materials are also subject to an Order issued by Kent County Circuit Court Judge Paul Sullivan on January 9, 2017, which has been provided to counsel in this action as well as the Grand Rapids Police Department.

## DECLARATORY ACTION REGARDING LAWFUL ABILIT TO USE THE FIVE INADVERTENTLY TAPED CONVERSATIONS OR TO RELEASE THEM TO OUTSIDE PARTIES

19. Intervenor incorporates by reference the answers to Paragraphs 1 through 18.

20. Admitted.

21. Denied as stated, and denied specifically that 18 USC §2511(1)(c) has any application to this case.

22. Denied as stated, and denied specifically that 18 USC §2511(4)(a); 18 USC §2520(b)(2), or 18 USC §2520(c)(2) have any application to this case.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted regarding the details of the Michigan Eavesdropping Act, but denied that the Michigan Eavesdropping Act has any application to this case.

27. Admitted regarding the details of the Michigan Eavesdropping Act, but denied that the Michigan Eavesdropping Act has any application to this case.

28. Admitted regarding the details of the Michigan Eavesdropping Act, but denied that the Michigan Eavesdropping Act has any application to this case.

29. Admitted regarding the details of the Michigan Eavesdropping Act, but denied that the Michigan Eavesdropping Act has any application to this case.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted. Intervenor states further that he wishes to use the telephone recordings of Line 3407 to demonstrate that Kuiper was visibly intoxicated at the time of the automobile collision in the course of proving his claims for damages against Kuiper and other potential defendants.

34. Admitted. Intervenor also states that his desire to use the Line 3407 telephone recordings conflicts with the defendants' contentions that such use would violate the Federal Wiretapping Act and/or the Michigan Eavesdropping Act.

35. Admitted. Intervenor further states that it has issued discovery requests and subpoenas requesting all of these materials and that the City is obligated to respond to those requests in a timely manner.

36. Admitted.

37. Admitted. Intervenor further states that the City is obligated to comply with its obligations pursuant to subpoena and properly issued discovery requests made in the course of the state litigation initiated by Intervenor.

38. Admitted, and stated further that Intervenor has an interest in the outcome of this action in order to protect his own interest in the telephone records.

WHEREFORE, Intervenor respectfully requests that this Court:

a. Enter an Order finding that the Federal Wiretapping Act does not preclude disclosure of the Line 3407 telephone calls;

b. Enter an Order finding that the Michigan Eavesdropping Act does not preclude disclosure of the Line 3407 telephone calls;

 c. Enter an Order demanding that the City disclose the Line 3407 telephone calls to Intervenor and to all other interested persons and organizations who have issued proper requests for disclosure of the recordings;

 d. Other such relief as the Court deems just and equitable.

        Respectfully submitted,

        **JOHNSON LAW, PLC**

February 6, 2017    By: /s/ Brian A. Molde
        VEN R. JOHNSON (P39219)
        BRIAN A. MOLDE (P63790)
        99 Monroe Avenue, N.W., Suite 975
        Grand Rapids, Michigan  49503
        (616) 235-9400