UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CITY OF GRAND RAPIDS,

    Plaintiff/Counter Defendant,

v

GRAND RAPIDS POLICE COMMAND
OFFICERS ASSOCIATION, MATTHEW
JANISKEE, MICHIGAN STATE POLICE
AND JEFFREY GETTING- KALAMAZOO
COUNTY PROSECUTOR,

    Defendants,

and

MATTHEW JANISKEE,

    Counter-Plaintiff/Cross-Plaintiff/
    Third-Party Plaintiff,

v

CITY OF GRAND RAPIDS,

    Counter-Defendant,

MICHIGAN STATE POLICE and
JEFFREY GETTING- KALAMAZOO
COUNTY PROSECUTOR,

    Cross-Defendants,

DAVID RAHINSKI, DANIEL SAVAGE,
DAVID KIDDLE, PETER McWATERS,
and DAVID SCHNURSTEIN

    Third-Party Defendants.

No. 1:17-cv-00113

HON. PAUL L. MALONEY

MAG. RAY KENT

| | |
|---|---|
| John H. Gretzinger (P28979)<br>Scott E. Dwyer (P33131)<br>Kurt. M. Graham (P57190)<br>Mika Meyers, PLC<br>Attorney for Plaintiffs<br>900 Monroe Ave NW<br>Grand Rapids, MI 49503<br>(616) 632-8027 | Andrew J. Rodenhouse (P73342)<br>Charles C. Newberg (P79025)<br>Rodenhouse Kuipers PC<br>Attorneys for Defendant Matthew Janiskee<br>678 Front Ave, NW, Suite 176<br>Grand Rapids, MI 49504<br>(616) 451-4000 |
| Mark E. Donnelly (P39281)<br>Attorney for Defendant Michigan State Police<br>Michigan Department of Attorney General<br>Civil Litigation, Employment & Elections Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434 | Timothy J. Dlugos (P75179)<br>White Schneider PC<br>Attorneys for GRPCOA<br>2300 Jolly Rd<br>Okemos, MI 48864<br>(517) 349-7744 |
| Amber D. Beebe (P66466)<br>Attorney for Jeffrey Getting, Kalamazoo County Prosecutor<br>201 W. Kalamazoo Ave<br>Kalamazoo, MI 49007<br>(269) 384-8111 | Andrew J. Brege (P71474)<br>Johnson, Rosati, Schultz & Joppich, P.C.<br>Attorney for Defendants Peter McWaters & David Schnurstein<br>822 Centennial Way, Suite 270<br>Lansing, MI 48917<br>(517) 886-3800 |

_____/

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

## CONCISE STATEMENT OF ISSUES PRESENTED

**I.** The Eleventh Amendment bars all claims against the Michigan State Police.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)

*Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978)

*Abick v. Michigan,* 803 F.2d 874 (6th Cir. 1986).

# INTRODUCTION

For purposes of this motion, the Michigan State Police (MSP) accepts as true the factual allegations made against it by Plaintiff and Third Party Plaintiff (which are very few).  At issue is whether certain phone recordings made by and provided to the MSP by the City of Grand Rapids for purposes of a criminal investigation violated federal and state wiretapping laws.  This suit is brought against the Michigan State Police solely to seek an order "determining the rights and the obligations . . . with respect to the transcripts and recordings under [the] Federal Wiretapping Act and the State Eavesdropping Act."  This Court lacks jurisdiction to grant the relief sought as to the Michigan State Police.

# ARGUMENT

**I.  The Eleventh Amendment bars any claim against the Michigan State Police.**

A state may not be sued in federal court, regardless of the relief sought, unless that state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  The State of Michigan has not consented to suit for the claims alleged, nor has Congress overridden its immunity for claims under 18 U.S.C. § 2510 —the statute under which Plaintiff seeks relief—assuming Plaintiff can bring a cause of action directly under that statute.  Nor has the State consented to suit, nor has Congress

1

overridden its immunity, for claims brought under 42 U.S.C. § 1983 *Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004); *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

The Michigan State Police (MSP) is an executive department of Michigan's government, created by Mich. Comp. Laws. § 16.250. MSP is afforded the same Eleventh Amendment protections as the State itself. Without consent or abrogation, the Eleventh Amendment bars this suit against MSP. See, generally, *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Abick v. Michigan*, 803 F.2d 874, 876-77 (6th Cir. 1986).

The only exception to Eleventh Amendment immunity is an official capacity claim against an individual for prospective injunctive relief. *Ex parte Young,* 209 U.S. 123 (1908); *see also MacDonald v. Vill. of Northport, Mich.* 164 F.3d 964, 970–72 (6th Cir. 1999). But here Plaintiff and Counter-Plaintiff have not made any claims against any MSP individuals.

## CONCLUSION AND RELIEF REQUESTED

Defendant Michigan State Police respectfully requests this Court to grant this motion and enter an order dismissing this action against it.

Respectfully submitted,

Bill Schuette
Attorney General

Dated: April 14, 2017

*s/Mark E. Donnelly*
Mark E. Donnelly (P39281)
Assistant Attorney General
Attorneys for Defendant Michigan State Police
Civil Litigation, Employment & Elections Division
P.O. Box 30736
Lansing, Michigan  48909
517.373.6434
Email:  donnellym@michigan.gov
P39281

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2017, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*s/Mark E. Donnelly*
Mark E. Donnelly (P39281)
Assistant Attorney General
Attorney for Defendants
Civil Litigation, Employment & Elections Division
P.O. Box 30736
Lansing, Michigan  48909
517.373.6434