# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

**CITY OF GRAND RAPIDS**,

    Plaintiff/Counter-Defendant,

vs.

**GRAND RAPIDS POLICE COMMAND OFFICERS ASSOCIATION, MATTHEW JANISKEE, KRISTE KIBBEY ETUE-MICHIGAN STATE POLICE**, and **JEFFREY GETTING-KALAMAZOO COUNTY PROSECUTOR**

    Defendants.

and

**MATTHEW JANISKEE,** and all those similarly situated,

    Counter-Plaintiff/Cross-Plaintiff/Third-Party Plaintiff,

vs.

**CITY OF GRAND RAPIDS,**

    Counter-Defendant,

**KRISTE KIBBEY ETUE-MICHIGAN STATE POLICE** and **JEFFREY GETTING-KALAMAZOO COUNTY PROSECUTOR,**

    Cross-Defendants,

**DAVID RAHINSKI, DANIEL SAVAGE, DAVID KIDDLE, PETER McWATERS,** and **DAVID SCHNURSTEIN,**

    Third-Party Defendants.

Case No.  1:17-cv-00113

Hon. Paul L. Maloney

**MATTHEW JANISKEE'S BRIEF IN SUPPORT OF MOTION TO ALLOW TIME FOR DISCOVERY UNDER RULE 56(d)**

**ORAL ARGUMENT REQUESTED**

---

## MATTHEW JANISKEE'S BRIEF IN SUPPORT OF MOTION TO ALLOW TIME FOR DISCOVERY UNDER RULE 56(d)

Pursuant to Fed. R. Civ. P. 56(d), Defendant/Counter-Plaintiff/Cross-Plaintiff/Third-Party Plaintiff, Matthew Janiskee ("Lieutenant Janiskee"), requests that the Court deny Plaintiff/Counter-Defendant, City of Grand Rapids' (the "City"), Motion for Summary Judgment (ECF No. 73) (the City's "Motion") in order to allow adequate time for discovery.

The City's Motion was filed and is scheduled to be heard before any discovery is allowed. Without presenting any evidence or explanation as to how the Grand Rapids Police Department's "Non Recorded Line 3407" ("Line 3407") came to be recorded, the City's Motion seeks to dismiss Lieutenant Janiskee's claims and further seeks an order declaring that the recording of Line 3407 did not violate federal or state wiretapping laws. Lieutenant Janiskee maintains that the relief sought by the City is premature and cannot possibly be granted under Fed. R. Civ. P. 56(a) based on the facts presented thus far. Further, Lieutenant Janiskee is not able to properly support his opposition to the City's Motion without having the opportunity to conduct at least some discovery. Accordingly, Lieutenant Janiskee submits this Motion to Allow Time for Discovery Under Rule 56(d) (Lieutenant Janiskee's "Rule 56(d) Motion").

## LAW AND ARGUMENT

"It is well-established that the plaintiff must receive 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (citations omitted). Due process requires courts to "afford the parties a full opportunity to present their respective cases" before ruling on the merits. *Univ. of Tex. V. Camenisch*, 451 U.S. 390, 395 (1981) (citation and quotation marks omitted). "Typically, when the parties have no opportunity for discovery, denying the Rule

[56(d)] motion and ruling on a summary judgment motion is likely to be an abuse of discretion." *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008) (citing *Ball v. Union Carbide Corp.,* 385 F.3d 713, 719 (6th Cir.2004)).

"The district court may defer summary judgment, pending discovery, if the non-movant submits affidavits stating that 'the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition.'" *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995) (quoting Fed. R. Civ. P. 56(d)); see also *Elite Contractors, Inc. v. CitiMortgage,* No. 12-cv-10284, 2012 WL 12884454, at *3 (E.D. Mich. May 7, 2012) ("A party that wishes to engage in fact discovery may defeat summary judgment if the party shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition.") (internal quotations omitted).  It is within the discretion of the district court whether or not to permit discovery under Rule 56(d).  *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 425-26 (6th Cir. 2009).

Regarding the affidavit requirement of Fed. R. Civ. P. 56(d), the moving party must indicate to the Court "its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000).

## ARGUMENT

The primary factual disagreement between the City and Lieutenant Janiskee is whether Line 3407 was recorded in violation of federal and state wiretapping laws.  The City acknowledges that Line 3407 was recorded, but argues that it was done so "inadvertently" or "mistakenly."  Lieutenant Janiskee disagrees, arguing that Line 3407 could not have possibly been inadvertently or mistakenly set to record and that the recording files from Line 3407 could

not have possibly gone unnoticed in the City's recording server database for over two years. As Line 3407 could not have been accidentally set to record and that the recording files would have been nearly impossible to overlook in the recording server database, it is clear that Line 3407 was either intentionally set to record or intentionally allowed to continue recording even if it was unintentionally set to record.

Admittedly, Lieutenant Janiskee does not yet have smoking gun evidence of wiretapping violations sufficient to establish that there is no genuine issue of material fact. That's because he has not had any opportunity to conduct discovery thus far. However, the City is in possession of volumes of extremely detailed and probative evidence that is likely to conclusively answer the outstanding factual questions at issue. Despite the availability of this highly probative evidence, the City is attempting to railroad Lieutenant Janiskee and the other non-moving parties into summary judgment without allowing for any opportunity to conduct discovery.

Lieutenant Janiskee contends that full, unrestricted discovery is necessary to allow he and the other parties a fair opportunity to support their claims. That is not to say that any sort of fishing expedition is necessary to locate this evidence. Rather, Lieutenant Janiskee and his counsel know specifically what information they are seeking as well as how to obtain it. As set forth in the attached Declaration of Attorney C. Christopher Newberg, Lieutenant Janiskee's opposition to the City's Motion requires discovery into:

    a. Which user login account was used to set Line 3407 to record within the Call Manager system (Declaration of Counsel in Support of Matthew Janiskee's Brief in Support of Motion to Allow Time for Discovery Under Rule 56(d) at ¶ 9(a), attached as **Exhibit A**);

b. Which individuals were authorized to use or did use each Call Manager user login account, which will indicate which individual(s) were responsible for setting Line 3407 to record (*Id*. at ¶ 9(b));

c. Written and deposition testimony from the individual(s) who are found to be responsible for setting Line 3407 to record, which will indicate how and why Line 3407 was set to record (*Id*. at ¶ 9(c));

d. Call Manager audit log information reflecting user behavior at the time Line 3407 was set to record, which will negate the City's theory that the recording of Line 3407 was inadvertent (*Id*. at ¶ 9(d));

e. User behavior before and after Line 3407 was set to record, which will negate the City's theory that the recording of Line 3407 was inadvertent (*Id*.);

f. Data regarding the configuration settings of the recording server database that were used to record and store the City's recorded phone calls, which will indicate that the City and/or Third-Party Defendants knew or should have known that Line 3407 was being recorded (*Id*. at ¶ 9(e));

g. Recording server database administrative log information reflecting user access and behavior before and after Line 3407 was set to record, which will negate the City's theory that the recording of Line 3407 was inadvertent (*Id*. at ¶ 9(f)); and

h. Information related to the City's configuration of the Cisco internet phone system and recording server database, including how Line 3407 came to be recorded, where recordings from Line 3407 were stored, and whether anyone accessed or listened to any of the recordings from Line 3407 prior to December 7, 2016,

which will negate the City's theory that the recording of Line 3407 was inadvertent (*Id*. at ¶ 10).

Lieutenant Janiskee has not had the opportunity to conduct discovery into the highly probative and easily accessible information described above. Without discovery, Lieutenant Janiskee cannot otherwise obtain this information as it is in the City's sole possession and control. Without the ability to perform discovery, Lieutenant Janiskee is unable to present the Court with facts essential to fully justify his opposition to the City's Motion.

## CONCLUSION

THEREFORE, Lieutenant Janiskee respectfully requests this Court grant Lieutenant Janiskee's Rule 56(d) Motion and either (1) deny the City's Motion as premature to allow for adequate discovery, or (2) defer consideration of the City's Motion until after adequate discovery can be conducted.

Respectfully submitted,

RODENHOUSE KUIPERS, P.C.

Date: July 13, 2017

/s/ C. Christopher Newberg
**C. Christopher Newberg (P79025)**
**Andrew J. Rodenhouse (P73342)**
Attorneys for Mathew Janiskee
678 Front Ave., NW, Suite 176
Grand Rapids, MI 49504
PH: (616) 451-4000
Fax:(616) 451-4114
Email: Andrew@rodenhouselaw.com
Email: Chris@rodenhouselaw.com