# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

**CITY OF GRAND RAPIDS**,

    Plaintiff/Counter-Defendant,

vs.

**GRAND RAPIDS POLICE COMMAND OFFICERS ASSOCIATION, MATTHEW JANISKEE**, **KRISTE KIBBEY ETUE-MICHIGAN STATE POLICE AND JEFFREY GETTING-KALAMAZOO COUNTY PROSECUTOR**,

    Defendants,

and

**MATTHEW JANISKEE,**

    Counter-Plaintiff/Cross-Plaintiff/
    Third-Party Plaintiff,

vs.

**CITY OF GRAND RAPIDS**,

    Counter-Defendant,

**JEFFREY GETTING-KALAMAZOO COUNTY PROSECUTOR**,

    Cross-Defendants,

**DAVID RAHINSKY, DANIEL SAVAGE, DAVID KIDDLE, PETER McWATTERS, and DAVID SCHNURSTEIN**,

    Third-Party Defendants.
_____/

HONORABLE PAUL L. MALONEY

Case No. 1:17-cv-00113-PLM-RSK

MAG. RAY KENT

**CITY OF GRAND RAPIDS, DAVID RAHINSKY, DANIEL SAVAGE AND DAVID KIDDLE'S BRIEF IN OPPOSITION TO JANISKEE RULE 56(d) MOTION FOR DISCOVERY**

**ORAL ARGUMENT REQUESTED**

{02209243 3 }

| | |
|---|---|
| John H. Gretzinger (P28979)<br>Scott E. Dwyer (P33131)<br>Kurt M. Graham (P57910)<br>Mika Meyers, PLC<br>Attorneys for City of Grand Rapids, David Rahinsky, Daniel Savage and David Kiddle<br>900 Monroe Ave NW<br>Grand Rapids, Michigan 49503<br>(616) 632-8027 | Andrew J. Rodenhouse (P73342)<br>Charles C. Newberg (P79025)<br>Rodenhouse Kuipers PC<br>Attorneys for Defendant Matthew Janiskee<br>678 Front Ave., NW, Suite 176<br>Grand Rapids, MI 49504-5300<br>(616) 451-4000 |
| Andrew J. Brege (P71474)<br>Johnson, Rosati, Schultz, Joppich PC<br>Attorneys for Peter McWatters and David Schnurstein<br>822 Centennial Way, Suite 270<br>Lansing, MI 48917<br>(517) 886-3800 | Timothy J. Dlugos (P57179)<br>White Schneider PC<br>Attorneys for GRPCOA<br>2300 Jolly Road<br>Okemos, MI 48864<br>(517) 349-7744 |
| Mark E. Donnelly (P39281)<br>Attorney for Kriste Kibbey Etue<br>Michigan Department of Attorney General<br>525 W. Ottawa St., Floor 5<br>P.O. Box 30736<br>Lansing, MI 48909-8236<br>(517) 373-6434<br>_____/ | Amber D. Beebe (P66466)<br>Attorney for Jeffrey Getting<br>Kalamazoo County Office<br>of Corporate Counsel<br>Kalamazoo County Government<br>201 W. Kalamazoo Avenue<br>Kalamazoo, MI 49007<br>(269) 384-8111 |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

INDEX OF EXHIBITS ............................................................................................................ iii

I.     Janiskee's Motion for Discovery Should be Denied ......................................................... 1

        A.     Janiskee Has the Burden to Establish the Need for Discovery ............................... 1

        B.     Janiskee's Theory for Discovery is Unsupported by the Undisputed Facts ........... 2

               1.     The Recordings of the Calls on Line 3407 Were Inadvertent .................... 3

               2.     It is Undisputed that Janiskee was Performing a Law Enforcement Task When the Recordings Were Made ...................................................... 5

CONCLUSION .......................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Alspaugh v. McConnell,*
    643 F.3d 162, 167 (6th Cir. 2011) ............................................................................................ 2

*CenTra, Inc. v. Estrin,*
    538 F.3d 402, 420–21 (2008) ................................................................................................... 2

*Emmons v. McLaughlin*,
    874 F.2d 351, 359 (6th Cir.1989) ............................................................................................ 2

*Keebler Co. v. Murray Bakery Products*,
    866 F.2d 1386 (Fed. Cir. 1989) ........................................................................................... 1, 3

*Lewis v. City of Ft. Collins*,
    903 F.2d 752 (10th Cir. 1990) ................................................................................................. 2

*Maki v. Laakko,*
    88 F.3d 361, 367 (1996),
    *cert. denied,* 519 U.S. 1114, 117 S.Ct. 956, 136 L.Ed.2d 842 (1997) ...................................... 2

*Shulick v. Michigan Dept of Corrections*,
    Docket. No. 2:11-cv-73, 2013 WL 3755755 (W.D. Mich 2013) ............................................. 1

## INDEX OF EXHIBITS

**Exhibit**

1   Declaration of David Rahinsky

2   Declaration of Daniel Savage

3   Declaration of David Kiddle

4   Declaration of Peter McWatters

5   Declaration of David Schnurstein

6   Declaration of Paul Klimas

7   Declaration of Martin Clason

The City of Grand Rapids (the "City), David Rahinksy, Daniel Savage and David Kiddle, by and through their attorneys, Mika Meyers, hereby submit this Brief and its attachments in opposition to Matthew Janiskee's ("Janiskee") and The Grand Rapids Command Police Officer's Union ("GRPCOA") motions for discovery and request that the Court deny their Motions for Discovery.

## I. Janiskee's Motion for Discovery Should be Denied

Janiskee's Motion for Discovery should be denied. The motion is a fishing expedition. "Rule 56(d) is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious". *Shulick v. Michigan Dept of Corrections*, Docket. No. 2:11-cv-73, 2013 WL 3755755 (W.D. Mich 2013). As in *Shulick*, Janiskee's motion for discovery is premised on his admission that he cannot yet prove his claims based on existing evidence (on page 4 of his Brief – Janiskee admits he has no "smoking gun" evidence at this time to establish a genuine issue of material fact.) The *Shulick* Court ruled speculation and baseless accusations do not warrant needless discovery. *See also*, *Keebler Co. v. Murray Bakery Products*, 866 F.2d 1386, 1389 (Fed. Cir. 1989)("If all one had to do to obtain a grant of a Rule 56(f) motion were to allege possession by movant of 'certain information' and 'other evidence', every summary judgment decision would have to be delayed while the non-movant goes fishing in the movant's files.'").

### A. Janiskee Has the Burden to Establish the Need for Discovery

In *Lewis v. City of Ft. Collins*, 903 F.2d 752 (10th Cir. 1990) the Court, in holding that defendant submitted affidavits to support its motion for summary judgment, found that plaintiff had the burden to demonstrate how discovery will raise a genuine issue of material fact. The Court held that merely asserting there was insufficient time for discovery, the parties have not begun

discovery, or the motion for summary judgment is premature was not enough to justify requiring discovery.

While courts have ruled that it is "generally an abuse of discretion to deny a Rule 56(d) motion in the absence of *any* opportunity for discovery," there are "some limited exceptions." *CenTra, Inc. v. Estrin,* 538 F.3d 402, 420–21 (2008).  The Sixth Circuit Court has affirmed denials of discovery when the supporting affidavits were too vague, *id.* at 420 (citing *Emmons v. McLaughlin*, 874 F.2d 351, 359 (6th Cir.1989)), and when "**further discovery would not have changed the legal and factual deficiencies**," *id.* (quoting *Maki v. Laakko,* 88 F.3d 361, 367 (1996), *cert. denied,* 519 U.S. 1114, 117 S.Ct. 956, 136 L.Ed.2d 842 (1997)).  *See Alspaugh v. McConnell,* 643 F.3d 162, 167 (6th Cir. 2011).

### B. Janiskee's Theory for Discovery is Unsupported by the Undisputed Facts

In support of his Motion for discovery Janiskee on page four of his Brief asserts: "the City is in possession of volumes of extremely detailed and probative evidence that is LIKELY to conclusively answer the outstanding facts at issue." (emphasis added).  Janiskee does not say that the discovery WILL lead to any disputed facts, but rather, his attorney Chris Newberg's declaration speculates that discovery is "expected" to show intent/knowledge related to recording of Line 3407 (Paras 9(d), 9(e)) and speculates that it is "believed" that the City keeps certain administrator logs which will show whether the change was made to Line 3407 and by whom and will show user behavior showing intent and knowledge that Line 3407 was being recorded. Janiskee claims for needed discovery are premised on his unsupported assertion that someone must have intentionally set flipped the secondary switch to record the calls on the night of November 19, 2016 and that some Call Manager Audit Log or some other log will demonstrate who did it and who has been listening to Line 3407.

A motion saying a party "might" find something and which seeks to go fishing in the movant's files is a waste of judicial resources, time and expense. *Keebler, supra* at 1389 ("Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence [through discovery] that might tend to support a complaint. Further litigation in this case not only would put the parties to unnecessary expense but also, equally important, would be wasteful of judicial resources.").

The undisputed facts establish that Janiskee's allegations and supporting declarations are too vague, not supported by any evidence, and further discovery by him will not change the legal and factual deficiencies of his position.

### 1.     The Recordings of the Calls on Line 3407 Were Inadvertent

Based on the undisputed facts supported by the City's declarations and the party's pleadings no further discovery is necessary to rule on the City's Motion for Summary Judgment. Janiskee's motion for discovery only seeks discovery of facts relating to whether the recordings were inadvertent or not. There is no discovery needed and any discovery permitted will not result in further information in the City's possession about Line 3407's recordings than what has already been stated in the declarations.

For many reasons, the evidence establishes that the Line 3407 recordings on November 19, 2016 were inadvertently recorded and demonstrate that no discovery is necessary for the Court to hear and rule on the pending Motion for Summary Judgment.

First, there is not a shred of evidence that Rahinsky, Savage, Kiddle, McWatters or Schnurstein had anything to do with the telephone system being set up, programmed, or otherwise involved with Line 3407 being recorded. Indeed, their declarations establish that they had nothing to do with Line 3407 being recorded or not being recorded and that until December 2016 none of them knew it was being recorded. **(Ex. 1, 2, 3, 4 and 5)**.

Second, there is no evidence that Line 3407 was being intentionally recorded by the City in November 2016 or at any time after the system was installed in 2010. Indeed, all the evidence is to the contrary. (**Exhibit 6**, Declaration of Paul Klimas; **Exhibit 7**, Declaration of Martin Clason).

Third, there is no dispute that everyone thought Line 3407 was not being recorded. (**Ex. 1, 2, 3, 4 and 5).**

Fourth, after reviewing the call logs prior to any litigation it was determined that except for 2 times on July 23, 2014, by an outside technician who listed to some 75 recordings on that day, no one else has listened to any recordings on Line 3407 until December 2016 conclusively demonstrating that no one at the City thought Line 3407 was being recorded. (**Ex. 7,** Declaration of Martin Clason, paragraphs 4-10 ).

Fifth, after reviewing the relevant audit log, there is no record of when or who changed the label on Line 3407 to unrecorded as it happened in 2010 when the system was being set up by a third party vendor. (**Ex. 6**, Declaration of Paul Klimas, paragraph 9).

Sixth, Paul Klimas, the person for the City who has knowledge of how the system was set up and how the labels were established had no knowledge that Line 3407 was being recorded and has no idea how it remained recorded, although he knows prior to 2010, Line 3407 was unrecorded and surmises that when the new system was being installed in 2010 while an outside technician relabeled Line 3407 as unrecorded, that technician failed to disable the recording mechanism.

Seventh, it is significant that both Janiskee and the GRPCOA have had opportunity for several months to obtain evidence, including affidavits and declarations supporting his allegations. Both Janiskee and the GRPCOA have had access to officers of GRPD as bargaining unit member and as the bargaining unit representative. The GRPCOA has had ability to submit

affidavits/declarations of its members, or others just like it had Maycroft do. Neither Janiskee nor the GRPCAO has submitted anything even hinting at any evidence showing an intentional recording of Line 3407 because it does not exist – as shown by the City's declarations.

### 2. It is Undisputed that Janiskee was Performing a Law Enforcement Task When the Recordings Were Made

There is no dispute Janiskee was performing a law enforcement task when the recordings at issue were made and they were used during the internal investigation. Janiskee's requested items of discovery are not necessary for the Court to determine the City's Motion for Summary Judgment based on whether the law enforcement/ordinary course of business exceptions apply.

No amount of discovery will change the fact that Janiskee was involved in a law enforcement activity when the calls on Line 3407 were being recorded and thus will not result in any contrary evidence to avoid summary judgment.

### CONCLUSION

Discovery will not result in any new evidence on the inadvertent recording issue. The requested items of discovery are also not necessary since the law enforcement exception applies based on the undisputed facts and Janiskee does not seek any further discovery on that issue. The case should be dismissed on summary judgment based solely on the law enforcement exception. As such, Janiskee's and the GRPCOA's Motion for Discovery should be denied.

Respectfully submitted,

MIKA MEYERS PLC
Attorneys for City of Grand Rapids, David Rahinsky, Daniel Savage and David Kiddle

Dated:  July 27, 2017            By:  */s/* Scott E. Dwyer
                                      John H. Gretzinger (P28979)
                                      Scott E. Dwyer (P33131)
                                      Kurt M. Graham (P57190)
                                      900 Monroe Ave., N.W.
                                      Grand Rapids, MI  49503

{02209243 3 }                           5