UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CITY OF GRAND RAPIDS**,

    Plaintiff,

vs.

**GRAND RAPIDS POLICE COMMAND OFFICERS ASSOCIATION, MATTHEW JANISKEE,**

    Defendants.

and

**MATTHEW JANISKEE,**

    Counter-Plaintiff,

vs.

**CITY OF GRAND RAPIDS,**

    Counter-Defendant,

Case No. 1:17-cv-00113

Hon. Paul L. Maloney

**JOINT STATUS REPORT**

**JOINT STATUS REPORT**

A Rule 16 Scheduling Conference is scheduled for Monday, July 23, 2018 at 2:30 PM, before Hon. Paul L. Maloney.  Appearing for the parties as counsel will be:

| | |
|---|---|
| John H. Gretzinger (P28979) | Andrew J. Rodenhouse (P73342) |
| Scott E. Dwyer (P33131) | Charles C. Newberg (P79025) |
| Mika Meyers, PLC | Rodenhouse Kuipers PC |
| Attorneys for City of Grand Rapids | Attorneys for Defendant Matthew Janiskee |
| 900 Monroe Ave NW | 678 Front Ave., NW, Suite 176 |
| Grand Rapids, Michigan 49503 | Grand Rapids, MI 49504-5300 |
| (616) 632-8027 | (616) 451-4000 |
| | |
| | Timothy J. Dlugos (P57179) |
| | White Schneider PC |
| | Attorneys for GRPCOA |
| | Suite 200, 1223 Turner St. |
| | Lansing, MI  48906 |
| | (517) 349-7744 |

**1. Jurisdiction:**

The Court has subject matter jurisdiction in this action under 28 U.S.C. § 1331 ("federal question" jurisdiction).  This Court also has pendent jurisdiction of state court claims pursuant to 28 U.S.C. § 1367.  There are no objections to this Court's jurisdiction.

In particular, Plaintiff/Counter-Defendant, The City of Grand Rapids ("The City of Grand Rapids"), filed its action under the Federal Wiretapping Act, 18 U.S.C. § 2511 and under Michigan Eavesdropping Act, M.C.L. 750.539h.

Defendant/Counter-Plaintiff, Matthew Janiskee ("Janiskee"), filed this action under the Federal Wiretapping Act, 18 U.S.C. § 2511, The Stored Communications Act, 18 U.S.C. § 2701, *et seq.*, Section 1983, 42 U.S.C. § 1983, the Michigan Eavesdropping Act, M.C.L. 750.539h, Michigan's Wiretapping Statute, M.C.L. 750.539c, and common law privacy laws.[1]

---

[1] The City believes that Janiskee's common law invasion of privacy claims have been previously dismissed and/or are barred under the Governmental Immunity Act, M.C.L. 691.1407.  The parties seek clarity on this issue.

**2. Jury or Non-jury:**

This case is to be tried by the Court as a trier of law and fact.

**3. Judicial Availability:**

The parties at this time do not agree to have a United States Magistrate Judge conduct other proceedings in this case.

**4. Statement of the Case:**

(a) <u>The City of Grand Rapids' case:</u>

This matter involves five inadvertently recorded phone calls that were discovered during the course of the Grand Rapids Police Department's Internal Investigation and the handling of an accident scene by GRPD Officers Matthew Janiskee, Adam Ickes and Thomas Warwick on November 18, 2016. The Plaintiff, the City of Grand Rapids, is seeking declaratory ruling by the Court that the City may use and disclose these five inadvertently recorded telephone conversations. Alternatively, the recording and use and disclosure of the calls were made in the ordinary course of law enforcement duties Officer Janiskee, in response, alleges that the City of Grand Rapids and violated the Federal and State Wiretapping Acts by intentionally recording and disclosing the conversations with Officers Ickes and Warwick on telephone line (616) 456-3407. The City, denies any violation of any statute. Further, as this matter involves only 1 person and 5 inadvertent recorded phone calls involving that person as the other 2 parties to the recorded calls have consented to the use and disclosure of those recorded calls, class action certification is inappropriate.

(b) <u>Janiskee's case:</u>

Janiskee's case involves allegations that the City of Grand Rapids, by and through its agents and employees, violated Federal and State Wiretapping Acts by secretly recording every

conversation on "Non Recorded Line 3407" ("Line 3407") for over three years. Janiskee, employees of the Grand Rapids Police Department, and other third-parties made or received telephone calls to or from Line 3407 multiple times each day for personal, private and sensitive telephone conversations at all relevant times. Line 3407 was expressly and unwaveringly represented to Janiskee and other employees of the Grand Rapids Police Department to be a non-recorded line, thus creating a reasonable expectation of privacy while using that line. Janiskee asserts that Line 3407 was not recorded inadvertently and that there were one or more persons within the City of Grand Rapids who either directed the recording of Line 3407 or were aware that Line 3407 was being recorded.

Janiskee's case cites of violations of Federal and State Wiretapping Acts, violations of the Stored Communications Act, and other violations of state and federal communication and privacy laws on behalf of himself and those similarly situated against the City of Grand Rapids.

(c) <u>Grand Rapids Police Command Officer's Case:</u>

See Janiskee's case.

**5. Prospects of Settlement:**

The City of Grand Rapids has already settled with several previously-named Defendants in this action. The City of Grand Rapids and Janiskee and the GRPCOA have engaged in settlement discussions, although no agreeable resolution has yet been reached. There have been no further settlement discussions.

**6. Pendent State Claims:**

This case does include pendent state claims. Janiskee alleges violations of the Michigan Eavesdropping Act, M.C.L. 750.539h, violations of the Michigan Wiretapping Statute, M.C.L. 750.539c, and violations of common law invasion of privacy laws. The City believes that

Janiskee's common law invasion of privacy claims have been previously dismissed and/or are barred under the Governmental Immunity Act, M.C.L. 691.1407. The parties seek clarity on this issue.

**7. Joinder of Parties and Amendment of Pleadings:**

The parties believe that all parties have been joined and that there is no need to amend pleadings. Janiskee does intend to file a motion for conditional class certification pursuant to 29 U.S.C. § 216(b).

**8. Disclosures and Exchanges:**

(a) <u>Initial Disclosures</u>

    i. The parties believe that all initial disclosures have been made at this time.

(b) <u>Disclosure of Expert Witnesses</u>

    i. The City of Grand Rapids does expect to call one or more expert witness(es) in this action and will probably call Paul Klimas, Martin Clason and one or two yet to be identified individuals from CDW-G.

    ii. Janiskee does expect to call one or more expert witness(es) in this action.

    iii. The parties agree to disclose the name(s) of all expert witness(es) no later than sixty (60) days before the close of discovery.

(c) Disclosure of Expert Reports

    i. The parties do not believe that it is necessary to exchange expert witness reports at this time.

(d) The parties have agreed to make available the following documents without the need of a formal request for production:

    i. Not applicable.

**9. Discovery:**

The parties believe that the next phase of discovery should focus on the areas the Court found that were areas of disputed facts relative to:

(a) The City's position that the recorded calls were inadvertent;

(b) Janiskee's position that the recorded calls were intentional; and

(c) The law enforcement exception.

At this time, the parties agree that no deviation is necessary from the discovery rules as set forth in the Federal Rules of Civil Procedure. Interrogatories will be limited to twenty-five (25) per side. Depositions will be limited to ten (10) per side. The City may want to depose Lt. Janiskee, GRPD Captain Maycroft, and other unnamed witnesses. Janiskee may want to depose the current and/or former CDW-G, current and/or former employees of the City, and other unnamed third parties. It is agreed that no deposition shall exceed seven hours in duration. The parties reserve the right to move this Court to modify the number of interrogatories and depositions allowed in the event that a motion for conditional certification pursuant to 29 U.S.C. § 216(b) is granted.

**10. Disclosure of Discovery of Electronically Stored Information:**

The City believes that it has already produced all the documents in its's possession relevant to the claims in this case. The Parties are working together to determine whether an ESI protocol is needed to manage the information.

**11. Assertion of Claims of Privilege or Work-Product Immunity After Production:**

In the event that an item classified as privileged or work-product is inadvertently produced, the parties agree that the producing party shall have the immediate right to demand the immediate

return of such information ("claw back") and that the producing party shall identify the basis for the privilege asserted.

### 12. Motions:

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All non-dispositive motions shall be accompanied by a separately filed certificate setting forth in detail the efforts of the moving party to comply with the obligation created by Rule 7.1(d). The following are motions contemplated by each party:

    (a) The City of Grand Rapids - Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56.

    (b) Janiskee - Motion for Conditional Class Certification, pursuant to 29 U.S.C. § 216(b) (Counsel recognizes that this is not actually a dispositive motion) and Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56).

    (c) GRPCOA – Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56.

The parties anticipate that all dispositive motions will be filed within 60 days after the close of discovery.

### 13. Alternative Dispute Resolution:

The parties have discussed submitting this case to alternative dispute resolution, but would prefer to avoid the additional costs associated with the alternative dispute resolution. However, they also agree that the best method of alternative dispute resolution for this case would be voluntary facilitative mediation.

### 14. Length of Trial:

Counsel estimate the trial will last approximately five (5) days total, allocated as follows: two (2) days for the City of Grand Rapids' case and three (3) days for Janiskee's case. Because

of the uncertainty regarding class certification in Janiskee's case, the length of the trial and the involved parties is subject to change and the parties reserve the right to move for leave to modify this or other sections of this Joint Status Report.

**15. Other:**.

The parties agree to bifurcate the matter and have a trial on the inadvertent/intent issue and law enforcement issue prior to a trial on other matters such as damages.

In the event that Janiskee moves for conditional certification pursuant to 29 U.S.C. § 216(b) and that motion is granted, the dates set forth herein would need to be extended in order to allow ample time for the putative collective members to opt-into or opt out of the lawsuit and discovery conducted regarding the claims of opt-in Counter-Plaintiffs.

Stipulated and Approved for Entry:

Dated: 7/9/2018

/s/ C. Christopher Newberg
C. Christopher Newberg (P79025)
Andrew J. Rodenhouse (P73342)
Rodenhouse Kuipers PC
Attorneys for Matthew Janiskee
678 Front Ave, NW, Suite 176
Grand Rapids, MI 49504
(616) 451-4000

Dated: 7/9/2018

/s/ Timothy J. Dlugos
Timothy J. Dlugos (P57179)
White Schneider PC
Attorneys for GRPCOA
2300 Jolly Road
Okemos, MI 48864
(517) 349-7744

Dated: 7/9/2018

/s/ Scott E. Dwyer
John H. Gretzinger (P28979)
Scott E. Dwyer (P33131)
Mika Meyers, PLC
Attorney for City of Grand Rapids
900 Monroe Ave NW
Grand Rapids, MI 49503
(616) 632-8027