UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| CITY OF GRAND RAPIDS,<br>         Plaintiff, | )<br>)<br>) | No. 1:17-cv-113 |
| -v- | )<br>) | Honorable Paul L. Maloney |
| GRAND RAPIDS POLICE COMMAND<br>OFFICERS ASSOCIATION, et al.,<br>         Defendants. | )<br>)<br>)<br>) | |

## ORDER REGARDING STATUS OF PRIVACY TORT COUNTERCLAIMS

During the telephone scheduling conference, the parties raised a question about the status of Defendant Matthew Janiskee's counterclaims for the invasion of privacy common law tort and the tort of inclusion upon seclusion tort. (*See* ECF No. 24 Counterclaims ¶¶121-36 PageID.113-14.)

Plaintiff moved for summary judgment, including summary judgment on the counterclaims. Plaintiff's brief in support of its motion addressed these two counterclaims in a footnote. (ECF No. 74 at 17 n.9 PageID.531.) Plaintiff argued that Janiskee's constitutional privacy claim should be dismissed and, in the footnote, asserted that the state law privacy tort claims should be "dismissed for the same reasons stated herein, namely Janiskee had no reasonable expectation of privacy in his use of Line 3407." (*Id.*) The Court dismissed Janiskee's federal constitutional claim because the relevant federal statute provides the "exclusive remedy in the field." (ECF No. 133 Opinion and Order at 20 PageID.2168 quoting *Adams v. City of Battle Creek*, 250 F.3d 980, 986 (6th Cir. 2001)).

The Court concludes that Janiskee's two state law tort claims remain pending. At least in this portion of the Court's Opinion, the Court did not decide whether Janiskee has a reasonable expectation of privacy in Line 3407. Because the parties did not raise Michigan's Governmental Immunity Act as an issue, the Court has not considered whether the State's act would implicate the tort claims.

**IT IS SO ORDERED.**

Date:  October 22, 2018  　　　　　　　　　　　　  /s/ Paul L. Maloney  
　　　　　　　　　　　　　　　　　　　　　　　　Paul L. Maloney  
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge